UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM HENRY PAIGE,

    Petitioner,

v.                                              Case No. 3:24-cv-366-LC-MJF

RICKY DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

William Henry Paige, proceeding *pro se*, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 4. The undersigned concludes that the petition should be dismissed summarily for lack of jurisdiction, because the petition is an unauthorized "second or successive" habeas corpus application.

### I. Background

Paige (DC #024779) is an inmate of the Florida Department of Corrections currently confined at the Union Correctional Institution. Doc. 4. Paige's habeas petition challenges his judgment of conviction and sentence for carjacking and kidnapping, which was imposed by the Escambia County Circuit Court in Case No. 2001-CF-3706. Doc. 4 at 1-2.

Paige claims that the trial court failed to give a complete jury instruction on lesser included offenses. *Id*. at 9.

Paige admits, and the Northern District of Florida's records reflect, that Paige previously filed a § 2254 petition in this District Court challenging the same judgment. Doc. 4 at 7; *see also Paige v. Jones*, Case No. 3:06-cv-389/MCR/EMT.[1] That § 2254 petition was denied on April 22, 2008. *Paige v. McDonough*, No. 3:06-cv-389/MCR/EMT, 2008 WL 1844358 (N.D. Fla. Apr. 22, 2008), *certificate of appealability denied sub nom. Paige v. McNeil*, No. 08-13092-A (11th Cir. Sept. 12, 2008). Paige now seeks to challenge the same judgment again.

## II.  DISCUSSION

"Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an

---

[1] The court takes judicial notice of its own records. *See* Fed. R. Evid. 201; *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (district court lacked jurisdiction to entertain petitioner's second habeas corpus petition because petitioner failed to obtain order from court of appeals authorizing it); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Paige's present § 2254 petition is a "second or successive" habeas corpus application. Paige does not allege, nor does the record reflect, that Paige obtained the Eleventh Circuit's authorization to file this petition. Paige's failure to receive the requisite authorization before filing his present habeas petition operates as a jurisdictional bar that requires dismissal of this case. *See Burton*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The amended petition for writ of habeas corpus, Doc. 4, challenging the judgment of conviction and sentence in *State of Florida v. William Henry Paige, Jr.*, Escambia County Circuit Court Case No. 2001-CF-3706, be **DISMISSED** without prejudice for lack of jurisdiction.

2. The clerk of court close this case file.

At Panama City, Florida, this 11th day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**